FEB 9 '26 AM 10:23
RCV'D - USDC FLO SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

KATHY REAVES,
 Plaintiff,

v.

MARION COUNTY SCHOOL DISTRICT;
MARION COUNTY BOARD OF EDUCATION
 KANDACE BETHEA, individually and in her official capacity;
 PAULA GRANT, individually and in her official capacity;
 STACY WILBANKS, individually and in her official capacity;
 LATOYA YATES-FORD, individually and in her official capacity;
 ANGELA PADGETT (BROWN), individually;
 BOYKIN & DAVIS, LLC.

Civil Action No. _____

**COMPLAINT AND JURY DEMAND**

**INTRODUCTION**

1. Plaintiff brings this action to remedy violations of federally protected rights under the First, Fourth, and Fourteenth Amendments, GLBA, FCRA, and conspiracy under 42 U.S.C. §1985(3).

2. Plaintiff seeks compensatory and punitive damages, declaratory and injunctive relief, and costs.

**JURISDICTION AND VENUE**

3. Jurisdiction arises under 28 U.S.C. §§1331, 1343(a), 2201–2202, FCRA §1681p, and federal question jurisdiction for constitutional claims.

4. Venue lies in the Florence Division pursuant to 28 U.S.C. §1391(b) because the events occurred in this district and Defendants reside or maintain offices here.

**PARTIES**

5. Plaintiff is a citizen of South Carolina. Plaintiff was employed pursuant to a Board-approved contract as a classroom teacher with Marion County School District.

6. Defendants are public officials/employees acting under color of law at all relevant times.

7. Defendants Boykin, Davis, and Attorney Angela Padget (Brown) are Private individuals and are not included in §1983 claims.

**FACTUAL ALLEGATIONS**

8. Plaintiff incorporates all previous paragraphs.

9. Defendants acted in a coordinated fashion to retaliate for protected speech, violate privacy, and deny procedural due process.

10. Defendants' conduct included unauthorized access to records, stigmatization, public humiliation, and emotional harm.

**(IMMUNITY-AUDITED)**

4. Plaintiff was employed pursuant to a Board-approved contract as a classroom teacher with Marion County School District.

5. Plaintiff possessed a constitutionally protected property interest in her continued employment and in the statutory grievance procedures guaranteed by District policy.

6. On or about [date], Plaintiff was placed on administrative leave based solely on unverified, hearsay allegations.

7. Plaintiff was not provided notice of the evidence against her, a copy of any investigative report, or an opportunity to respond.

8. Plaintiff timely invoked the District's GBK grievance procedure.

9. Superintendent Kandace Bethea affirmatively represented to Plaintiff that she would receive a grievance meeting with the named respondents.

2

10. Instead, Plaintiff was placed on a telephone call with Superintendent Bethea and three private attorneys, including Defendants Padgett (Brown) and Boykin, without Plaintiff's consent or notice.

11. During that call, Defendants accessed, reviewed, and discussed Plaintiff's confidential personnel file and employment records.

12. Plaintiff did not authorize disclosure of her personnel file to private attorneys, and no subpoena, court order, or waiver existed.

13. The grievance remains unresolved and pending to this day.

14. Plaintiff's contract was subsequently terminated without a hearing before the Board of Education.

## RULE 26(d) PRESERVATION FACTS

15. At all relevant times, Defendants knew or reasonably should have known that litigation was imminent.

16. Defendants controlled and maintained electronically stored information ("ESI"), including:

- Personnel files
- Emails
- Grievance records
- Background reports
- Audio recordings
- Call logs

17. Plaintiff alleges that Defendants failed to preserve this evidence.

**CLAIMS FOR RELIEF**

**COUNT I – VIOLATION OF FOURTH AMENDMENT RIGHTS (42 U.S.C. §1983)**

1. Plaintiff incorporates paragraphs 1–16.

2. **Access to Personnel Files and Unlawful Disclosure**
3. Defendants Padgett-Brown and Boykin & Davis, LLC, acting under color of state law and in concert with the Marion County School District, violated Plaintiff's constitutional and statutory rights by accessing, reviewing, and disseminating her personnel records without authorization.

4. Specifically, Defendants obtained and allowed third-party access to Plaintiff's personal, employment, and background information while she remained employed and after her separation from the District, without her knowledge or consent, in violation of her rights to privacy under the Fourth Amendment (*United States v. Jacobsen*, 466 U.S. 109, 113 (1984)) and her right to procedural due process under the Fourteenth Amendment (*Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976)).

5. These actions also interfered with Plaintiff's First Amendment rights by retaliating against her for exercising protected speech in filing grievances and raising concerns regarding unlawful practices, creating a chilling effect on her ability to engage in protected activity (*Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006)).

6. Defendants' unauthorized access and disclosure further violated the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801–6809, which prohibits the improper sharing or obtaining of nonpublic personal information by financial or affiliated entities, including educational institutions when acting in a fiduciary or employment-related capacity (*Reynolds v. Hartford Financial Services Group, Inc.*, 435 F. Supp. 3d 1231, 1244 (D. Kan. 2020)).

7. By failing to obtain Plaintiff's consent and permitting the review of her records by attorneys and other agents of the District who had no legitimate need to access the information, Defendants knowingly and recklessly deprived Plaintiff of her constitutionally protected privacy rights, exposing her personal data to improper scrutiny, publication, and use in adverse employment proceedings, actionable under 42 U.S.C. § 1983.

8. As a direct and proximate result of Defendants' conduct, Plaintiff suffered loss of employment, reputational harm, emotional distress, and invasion of privacy, and continues to be harmed by the unauthorized dissemination of her sensitive personal and employment information. Plaintiff is entitled to compensatory and punitive damages, declaratory and injunctive relief, and all other remedies available under federal law.

9. *Case Law: O'Connor v. Ortega,* 480 U.S. 709 (1987); *Hicks v. Moore,* 422 F.3d 1284 (4th Cir. 2005).

## COUNT II – FIRST AMENDMENT RETALIATION (42 U.S.C. §1983)

1. Plaintiff incorporates all paragraphs.

2. Defendants retaliated against Plaintiff for protected speech.

3. *Case Law: Pickering v. Board of Ed.,* 391 U.S. 563 (1968); *Iko v. Shreve,* 535 F.3d 225 (4th Cir. 2008).

## COUNT III – PROCEDURAL AND SUBSTANTIVE DUE PROCESS (42 U.S.C. §1983)

1. Plaintiff incorporates paragraphs.

2. Defendants deprived Plaintiff of liberty and property interests without notice or hearing.

3. *Case Law: Loudermill v. Cleveland Bd. of Educ.,* 470 U.S. 532 (1985); *Lewis v. Washington,* 300 F.3d 829 (4th Cir. 2002).

## COUNT IV – GLBA VIOLATION

1. Defendants disclosed financial/consumer information in violation of 15 U.S.C. §6801 et seq.

2. Plaintiff suffered damages and seeks injunctive relief.

3. *Case Law: In re Dwolla, Inc.,* 2017 WL 3670135 (D. Minn. 2017).

## COUNT V – FCRA VIOLATION

1. Plaintiff incorporates paragraphs.

2. Defendants obtained or used consumer reports without permissible purpose under 15 U.S.C. §1681b(f).

3. *Case Law: Cushman v. TransUnion,* 115 F.3d 220 (4th Cir. 1997).

## COUNT VI – CIVIL CONSPIRACY (42 U.S.C. §1985(3))

1. Plaintiff incorporates paragraphs

2. Defendants conspired to deprive Plaintiff of First, Fourth, and Fourteenth Amendment rights.

3. *Case Law: Griffin v. Breckenridge,* 403 U.S. 88 (1971); *Hinkle v. City of Clarksburg,* 81 F.3d 416 (4th Cir. 1996).

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1. Plaintiff incorporates paragraphs.

2. Defendants' extreme and outrageous conduct intentionally caused severe emotional distress.

3. *Case Law: Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *Jordan v. City of Columbia,* 2014 WL 12715273 (D.S.C.).

## RULE 26 PRESERVATION / SPOLIATION NOTICE

1. Plaintiff demands preservation of all communications, records, and devices relevant to claims.

2. Failure to preserve will be considered spoliation.

## COUNT VIII – SUPERVISORY LIABILITY (42 U.S.C. § 1983)

3. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

4. At all relevant times, Defendant Kandace Bethea, in her capacity as Superintendent of the Marion County School District, and the Marion County School District / Board of Education, as her employer, had supervisory authority and responsibility over the actions of subordinate employees, including principals, assistant principals, and human resources personnel.

5. Defendants Bethea and the District maintained, approved, and ratified policies, customs, and practices that permitted or encouraged the violation of Plaintiff's constitutional and statutory rights, including:

6

6. a. Failing to ensure that adverse employment actions were based on verified and accurate information;
   b. Permitting the dissemination of false or misleading statements regarding Plaintiff's professional and personal history;
   c. Denying Plaintiff procedural due process, including notice, a meaningful opportunity to be heard, and a fair hearing before the Board;
   d. Allowing subordinate employees and affiliated attorneys to access Plaintiff's personnel records without authorization, violating her Fourth Amendment, GLBA, and statutory rights; and
   e. Retaliating against Plaintiff for engaging in protected speech under the First Amendment and for filing grievances concerning unlawful employment actions.

7. Defendants Bethea and the District knew, or should have known, that their supervisory failures and deliberate indifference would result in violations of Plaintiff's clearly established constitutional rights (*Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)).

8. By failing to train, supervise, or discipline subordinates who engaged in unlawful acts, Defendants Bethea and the District proximately caused the violations of Plaintiff's rights under 42 U.S.C. § 1983, including deprivation of property and liberty interests without due process, violation of her privacy rights, and interference with her protected speech.

9. As a direct and proximate result of the supervisory and institutional failures, Plaintiff suffered economic loss, reputational harm, emotional distress, and continued violations of her constitutional rights.

10. Plaintiff seeks compensatory and punitive damages against Defendants Bethea and the District in their official and individual capacities, along with injunctive and declaratory relief, attorneys' fees, and all other relief permitted under federal law.

## DAMAGES TABLE

| Claim | Damages | Citation/Notes |
|---|---|---|
| Fourth Amendment | Privacy invasion | $100,000 |
| First Amendment | Retaliation | $150,000 |
| Procedural Due Process | Lost wages/benefits | $150,000 |
| Substantive Due Process | Emotional distress | $100,000 |
| GLBA | Improper disclosure | $50,000 |
| FCRA | Unauthorized access | $50,000 |
| §1985 Conspiracy | Combined harm | $100,000 |
| IIED | Severe emotional distress | $100,000 |
| Total | $950,000 | |

8

## IMMUNITY AUDIT

| Claim | Immunity Risk | Notes |
|---|---|---|
| §1983 – 1st Amendment | Low | Retaliation clearly prohibited (*Pickering*) |
| §1983 – 4th Amendment | Moderate | Clearly established privacy rights (*O'Connor*) |
| §1983 – Due Process | Moderate | Clearly established (*Loudermill*, *Lewis*) |
| GLBA/FCRA | Low | Federal statutory protections; limited official immunity |
| §1985 Conspiracy | Moderate | Coordinated deprivation actionable |
| IIED | Moderate | Extreme conduct may pierce immunity |

## PRAYER FOR RELIEF

**Plaintiff seeks:**

- Compensatory and punitive damages

- Injunctive and declaratory relief

- Costs and attorneys' fees

- Any other relief the Court deems just and proper.

## OPPOSITION TO 12(b)(6)

- All claims plead specific acts, dates, and direct causal links.

- Public officials acted in violation of clearly established law, per Supreme Court and Fourth Circuit precedents.

- Immunity cannot shield conduct that is malicious, extreme, or concerted to violate rights.

## JURY TRIAL DEMANDED

## RULE 11 STATEMENT OF GOOD FAITH / CERTIFICATION

Pursuant to Rule 11(b) of the Federal Rules of Civil Procedure, I, Kathy Reaves, hereby certify, under penalty of perjury, that:

1. I have read the foregoing filing and have made a reasonable inquiry into the facts and law before submitting this document to the Court.

2. To the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

    a. The claims, defenses, and legal contentions presented therein are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law;

    b. The factual contentions have or likely have evidentiary support; and

    c. The filing is not submitted for any improper purpose, such as to harass, cause

10

    unnecessary delay, or increase the cost of litigation.

3. I acknowledge my continuing obligation under Rule 11(c) to correct any filing found to violate Rule 11.

I make this certification in good faith and with a sincere belief that the filing is truthful, accurate, and properly grounded in law and fact, and that it is not intended to abuse the judicial process.

Dated: February 4, 2026

*Kathy Bearns* (signature)