IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kathy Reaves, | ) | CASE NO.: 4:26-cv-00528-JD-TER |
| a/k/a Kathy Juanita Reaves, #50632, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM ORDER AND |
| | ) | OPINION |
| Marion County School District, | ) | |
| Marion County Board of Education, | ) | |
| Kandace Bethea, Paula Grant, | ) | |
| Stacy Wilbanks, Latoya Yates-Ford, | ) | |
| Angela Padget (Brown), | ) | |
| Boykin & Davis, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("Report")
of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with
28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South
Carolina.[1] (DE 17.) The Report concerns the Magistrate Judge's initial review of the
Plaintiff's pleadings.

## I.    BACKGROUND

Plaintiff Kathy Reaves, proceeding pro se, filed this civil action against
Defendants Marion County School District, Marion County Board of Education,

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Kandace Bethea, Paula Grant, Stacy Wilbanks, Latoya Yates-Ford, Angela Padgett (Brown), and Boykin & Davis, LLC. (DE 1.) Plaintiff also filed motions for leave to proceed in forma pauperis, to strike, and to exclude. (DE 2; DE 5; DE 6.)

On February 11, 2026, the Magistrate Judge entered a proper-form order directing Plaintiff to file an amended complaint. (DE 9.) The order explained that six Defendants in this case were also defendants in Reaves v. Marion County School District, No. 4:19-cv-02922-TLW, and that Plaintiff's original Complaint in this case did not identify when the alleged events occurred. (Id.) The order specifically advised Plaintiff that a plausible complaint should allege who did what to whom and when, and that Plaintiff's Complaint, "devoid of any date of the alleged events," failed to state a claim upon which relief could be granted. (Id.) The order allowed Plaintiff an opportunity to cure that deficiency by filing an amended complaint that would be complete in itself and replace the original Complaint. (Id.)

Plaintiff thereafter filed a document docketed as an Amended Complaint. (DE 15.) In that pleading, Plaintiff alleges generally that she was employed as a classroom teacher pursuant to a Board-approved contract with Marion County School District; that Defendants retaliated against her, accessed employment or personnel records, stigmatized and humiliated her, caused emotional distress, interfered with grievance procedures, placed her on administrative leave, and terminated her contract; and that Defendants violated the First, Fourth, and Fourteenth Amendments, the Fair Credit Reporting Act, the Gramm-Leach-Bliley Act, and other law. (DE 15.) The amended

pleading, however, still does not identify the date or year when the alleged conduct occurred.

## II.    REPORT AND RECOMMENDATION

On March 18, 2026, the Magistrate Judge issued the Report recommending that this case be dismissed without prejudice and that all pending motions be deemed moot. (DE 17.) The Report found that Plaintiff did not comply with the Court's prior order because the amended pleading still did not provide any date, much less a year, as to when the alleged events occurred. (Id.) The Report also explained that the absence of dates was especially concerning because Plaintiff had sued many of the same defendants about similar allegations in a 2019 action and because Plaintiff has filed numerous other actions that have been found frivolous or violative of a pre-filing injunction order. (Id.) The Report therefore concluded that Plaintiff's amended pleading failed to state a claim upon which relief could be granted. (Id.) Plaintiff filed timely objections. (DE 19.)

## III.    LEGAL STANDARD

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at

the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).

In the absence of specific objections, the Court need not conduct a de novo review and must only satisfy itself that there is no clear error on the face of the record before adopting the recommendation. Id.; see also Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

## IV.    DISCUSSION

Plaintiff objects to the Report and seeks de novo review. (DE 19.) Because Plaintiff proceeds pro se, her filings are liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Liberal construction, however, does not permit the Court to ignore a clear failure to allege facts sufficient to state a cognizable claim or to rewrite a complaint to include allegations not pleaded. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990). After reviewing the Report, Plaintiff's objections, the amended pleading, and the record, the Court overrules the objections.

Plaintiff's objections do not cure the deficiency identified in the Report. The Report recommended dismissal because Plaintiff was ordered to file an amended complaint identifying when the alleged events occurred, but her amended pleading still contains no date or year for the alleged administrative leave, termination, retaliation, access to records, grievance interference, or other alleged misconduct. (DE 15; DE 17.) The absence of dates prevents the Court from determining whether Plaintiff has pleaded a plausible claim, whether the claims are timely, whether the claims duplicate her prior 2019 action involving many of the same defendants, or

4

whether the allegations implicate Plaintiff's prior litigation history or any applicable filing restrictions. Plaintiff's objections do not identify where the amended pleading alleges the required dates or otherwise show that the Report erred on this point.

Instead, Plaintiff's objections primarily concern matters not presented by the Report's dispositive reasoning. Plaintiff discusses an alleged Georgia warrant, the South Carolina Law Enforcement Division, CE-0140412, alleged interstate transmission of criminal records, alleged fraud on the court, pending appellate proceedings, and alleged unlawful arrest issues. (DE 19.) Those assertions do not address the operative defect in this case: Plaintiff's amended complaint against Marion County School District, Marion County Board of Education, school-district officials, and Boykin & Davis, LLC, still does not allege when the school-district-related events occurred. Plaintiff herself acknowledges in her objections that the school district defendants "have nothing to do with" the SLED-related warrant allegations and that the claims are "unrelated to SLED and the criminal background." (DE 19 at 10.) Those objections, therefore, do not provide a basis to reject the Report.

Plaintiff also argues that dismissal without leave to amend is improper. The Court disagrees. Plaintiff was expressly advised of the pleading deficiency and given an opportunity to amend. (DE 9.) The amended pleading still failed to provide the dates needed to assess Plaintiff's claims. (DE 15.) Dismissal without prejudice is, therefore, appropriate. Because the dismissal is without prejudice, Plaintiff is not

barred from pursuing a properly pleaded action that complies with applicable rules, orders, and filing restrictions.

Plaintiff further objects that she did not consent to the Magistrate Judge's jurisdiction. (DE 19 at 6.) That objection is overruled. The Magistrate Judge issued a report and recommendation under 28 U.S.C. § 636(b)(1), and this Court conducts the final review and enters the final order. Consent under 28 U.S.C. § 636(c) is not required for a magistrate judge to issue a report and recommendation.

Plaintiff also argues that pending appellate proceedings in other cases preclude dismissal here. (DE 19 at 8.) They do not. Plaintiff has not shown that any pending appeal deprives this Court of authority to screen this separate action or to dismiss it without prejudice based on the insufficiency of the amended pleading. Nor has Plaintiff shown that any pending appeal supplies the missing dates or factual allegations necessary to state a plausible claim against the Defendants in this case.

Finally, Plaintiff objects to sanctions. (DE 19 at 18.) The Report does not recommend imposing sanctions against Plaintiff. Rather, it recommends dismissal without prejudice and that pending motions be deemed moot. To the extent Plaintiff objects to sanctions, the objection is overruled as moot.

Having conducted the required review, the Court finds no error in the Report's conclusion that Plaintiff's amended pleading fails to state a claim because it omits the dates of the alleged events despite prior notice and an opportunity to amend.

## V.     CONCLUSION

After a thorough review of the Report, Plaintiff's objections, the amended pleading, the record in this case, and the applicable law, the Court finds that Plaintiff's objections are without merit and that the Magistrate Judge correctly recommended dismissal without prejudice.

Accordingly, the Court OVERRULES Plaintiff's objections (DE 19), ADOPTS the Report and Recommendation (DE 17), and incorporates it by reference. This action is DISMISSED WITHOUT PREJUDICE. Plaintiff's pending motions (DE 2; DE 5; DE 6; DE 13; DE 14) are DENIED AS MOOT.

IT IS SO ORDERED.

Florence, South Carolina
June 8, 2026

Joseph Dawson, III
United States District Judge

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.